5 F.3d 532
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Reza MALEKI, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-3766.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 16, 1993.
Filed: September 20, 1993.
 
 Before RICHARD S. ARNOLD, Chief Judge, JOHN R. GIBSON and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Reza Maleki appeals from an order of the Board of Immigration Appeals denying his requests for asylum and withholding of deportation. He also appeals the Board's denial of his motion to reopen the proceedings so that he can apply for suspension of deportation. We affirm.
 
 
 2
 In order to succeed in his request for asylum, Maleki must first demonstrate that he has "a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion...." 8 U.S.C. Sec. 1101(a)(42)(A). In this case there was a hearing before an Immigration Judge. Maleki testified about certain incidents that occurred in Iran when he applied for a teaching position with Shiraz University. These incidents, he claims, suffice to establish a "well-founded fear." The Immigration Judge had this to say:
 
 
 3
 ... I cannot find that the respondent's testimony is sufficient or detailed in scope to lead this Court to believe the respondent's story is credible or persuasive.... I also do not find it rational or internally consistent....
 
 
 4
 Matter of Reza A. Maleki, No. Amn-jtf-chx, p. 7 (opinion filed June 24, 1987).
 
 
 5
 The Board of Immigration Appeals affirmed the decision of the Immigration Judge. The Board's opinion states, among other things, that "[t]he immigration judge did not expressly find that the respondent's testimony in support of his asylum and withholding requests was not credible." Slip op. 4 (opinion filed November 6, 1992).
 
 
 6
 The Immigration Judge's opinion could have been stated more clearly, we suppose. Perhaps this is why the Board of Immigration Appeals did not read the opinion as making an "express" finding that Maleki's testimony was not credible. However that may be, having carefully read and considered the entire opinion of the Immigration Judge, it is our view that the judge was not convinced that all of the things testified to by Maleki had in fact occurred. He appears to have thought, as well, that even if these things had occurred, Maleki would not have made out a case. But the fact remains that the Immigration Judge's decision was based in significant part on his failure to believe Maleki fully.
 
 
 7
 Our standard of review is strictly circumscribed. In order to reverse, we must hold that "the evidence [Maleki] presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 112 S. Ct. 812, 817 (1992). Obviously this is a difficult standard to meet, and deliberately so. We cannot say that it is met in the present case. Findings based in significant part on the factfinder's assessment of the credibility of a witness who has appeared before him are virtually impossible for an appellate tribunal to reject. No good reason for rejecting them is shown here. The Immigration Judge did not fully believe Maleki, partly because of the absence of corroborating evidence, and we feel legally unable to reverse that decision.
 
 
 8
 In the alternative, Maleki applies for withholding of deportation under 8 U.S.C. Sec. 1253(h)(1). He also moved the Board of Immigration Appeals to reopen the proceeding to allow him to apply for suspension of deportation under 8 U.S.C. Sec. 1254(a). For the reasons given by the Board in its opinion, we are satisfied that both of these requests were lawfully denied.
 
 
 9
 The order of the Board of Immigration Appeals is
 
 
 10
 Affirmed.